Rescript Opinions.

Louis J. Blank & others *vs.* Haskell A. Kaitz & others. April 21, 1966. Individuals (see *American Discount Corp.* v. *Kaitz,* 348 Mass. 706), who were directors of American Discount Corporation (Discount), seek to recover for losses alleged to have been caused by their reliance upon accounting reports negligently prepared for Discount by the defendants, professional accountants. A demurrer to a count in contract was properly sustained because the facts alleged did not show any contract between these plaintiffs and the defendants. A count in tort alleged misrepresentations by the defendants concerning Discount's financial condition. We do not now determine whether recovery can be had in Massachusetts for negligent or grossly negligent misrepresentation relied upon by one not in contractual privity with the defendants. No Massachusetts case seems to us to be controlling. See *Harriott* v. *Plimpton,* 166 Mass. 585, 588. Cf. *New England Bond & Mortgage Co.* v. *Brock,* 270 Mass. 107, 110–112. Even if we assume, without deciding, that some such recovery may be had, the original declaration was deficient at least because no facts were sufficiently alleged showing that the defendants knew that their accounting reports were to be a basis of reliance by the individual plaintiffs. This one defect may have been cured in a proposed amended declaration. The original declaration also was deficient because it was in general, vague, conclusionary terms, and failed to allege with clarity and certainty specific facts concerning (1) the negligent acts or omissions of the defendants; (2) the content of the auditors' reports and certificates; (3) the work which the defendants had agreed to do, had stated that they had done or omitted, and had actually done; (4) the extent to which the defendants' representations were qualified, contained disclaimers, or were expressed as opinions; (5) the "generally accepted principles of accounting" which the defendants were alleged to have violated; and (6) the facts misrepresented and what the plaintiffs allege the defendants knew, or (after reasonable investigation) should have known, concerning them. The proposed amended declaration contained many of the same defects. The trial judge acted within the range of his discretion in refusing to allow the amendment. See *Grandchamp* v. *Costello,* 289 Mass. 506, 507–508.

*Exceptions overruled.*

*Marcien Jenckes* (*William B. Dockser & Brinton P. Roberts* with him) for the plaintiffs.

*Robert W. Blakeney* (*Alfred Sigel* with him) for the defendants.