MERWIN H. CRAIG vs. EVERETT M. BROOKS CO.

Middlesex.  November 9, 1966. — January 3, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Deceit. Negligence, Civil engineer. Actionable Tort.*

In an action for deceit by the general contractor for a real estate develop-
ment against a civil engineer based on alleged material misrepresenta-
tions as to the accuracy of measurements shown on a plan of the devel-
opment prepared by the defendant and of the location of stakes set by
him therein, a verdict was rightly directed for the defendant where evi-
dence of intentional or reckless misrepresentation on his part was
lacking.  [499]

The general contractor for a real estate development had no cause of action
in tort against a civil engineer, who supplied the plans therefor in ac-
cordance with a contract with the developer, by reason of alleged er-
roneous and negligent representations in the plans in that they did not
show an area of peat located on a road and a hill through which the
contractor made a cut, where there was no evidence that the engineer
had undertaken to provide information as to soil conditions or to show
precise contours.  [499–500]

In an action of tort by the general contractor for a real estate develop-
ment against a civil engineer who supplied plans and set stakes for the
lines and grades of roads in the development under a contract with the
developer, evidence that two catchbasins and a road were staked out in
wrong locations warranted a finding of negligence on the part of the
defendant, and where it appeared that throughout the staking opera-
tions the defendant knew that the contractor who was going to build
the roads was the plaintiff, that the purpose of the stakes was to enable
him to build the roads in the proper location and that he would rely
on the accuracy of the stakes, and that he had to rebuild the catchbasins
and road, it was error to direct a verdict for the defendant even though
there was no contractual relation between him and the plaintiff.  [500–
501]

CONTRACT OR TORT.  Writ in the Superior Court dated
February 25, 1963.

The action was tried before *Beaudreau,* J.

*Harry J. Williams (Thomas A. Brett* with him) for the
plaintiff.

*Robert W. Blakeney* for the defendant.

WILKINS, C.J.   The plaintiff is a general contractor, and the defendant is engaged in the business of civil engineering and surveying.   The plaintiff's exceptions are to the direction of verdicts for the defendant on two counts, both in tort.   The trial judge directed the verdicts on the basis, which he stated, that "there was no obligation on the part of Brooks, a civil engineer, to the contractor with whom he had no contract and no relationship."

The first count, which sounds in deceit, alleges that the defendant in connection with work concerning a real estate development made material misrepresentations, which the defendant knew, or should have known, were false respecting the accuracy of measurements and specifications[1] as to lines, grades, and other related matters; that the defendant knew and intended that the plaintiff "should rely" on their accuracy; that the plaintiff did so rely and suffered damage.

The second count, which sounds in negligence, alleges that the defendant undertook to provide the plaintiff with measurements and specifications[1] concerning lines, grades, and other related matters in connection with the real estate development, well knowing that the plaintiff would expend sums for labor and materials in reliance upon their accuracy; that the defendant was negligent in providing improper and inaccurate measurements and specifications; and that in consequence the plaintiff suffered pecuniary loss.

The work related to a real estate development of Waymint Realty Trust (Waymint) on its land in Lexington. In the middle or latter part of 1959 the defendant entered into a contract with Waymint whereby the defendant supplied prints of plans for such development, and undertook to bring a field force to do the necessary staking of roads so that the contractor could build the roads, which would be in

---

[1] The word "specifications," on the evidence, can refer only to the defendant's plans and its setting of stakes.   The evidence was that the specifications used on the job were those of the town of Lexington and were "instructions in writing by which roads or other public works facilities are to be built and that they break down the items of the work and the manner in which that work needs to be performed."

accordance with the grades and stakes the defendant would set out. The field force was three in number. When the stakes were placed the defendant knew that the plaintiff was the contractor. The defendant had drawn the plans in November, 1959, originally for another person, who was described in the testimony variously as a previous owner, or as one who had an option to buy. The plaintiff had no contract with the defendant, but entered into its contract with Waymint after seeing the plans.

Evidence of intentional or reckless misrepresentation is lacking, and a verdict was rightly directed for the defendant on count 1.

Although count 2 does not use the word "misrepresentation," the negligence alleged in making plans and in placing stakes, upon analysis, is for negligent and erroneous representations made in the plans and in the location of the stakes. Such acts are a form of representation. See *Salzman* v. *Maldaver,* 315 Mich. 403, 416–417 (covering piles of corroded aluminum sheets with good sheets) ; *Jones* v. *West Side Buick Co.* 231 Mo. App. 187, 194–195 (turning back automobile speedometer). Prosser, Torts (3d ed.) § 101, p. 709. See also *Commonwealth* v. *Warren,* 6 Mass. 72.

Count 2 presents the question of liability arising in the course of the performance of a contractual duty, for pecuniary loss due to negligent misrepresentations made to one not in contractual privity with the defendant. This point was expressly left open in *Blank* v. *Kaitz,* 350 Mass. 779, where it was said that no Massachusetts case seems controlling.

The plaintiff contends that there were negligent misrepresentations (1) in the plans and (2) in the placing of stakes.

Erroneous representations in the plans are claimed in two respects. First, it is argued that an area of peat on Fessenden Road was not shown. Evidence, however, is lacking that the defendant had made any undertaking to provide information as to soil conditions. Next it is said that there was no disclosure of a 14 foot hill through which

the plaintiff made a cut. But again it does not appear that the defendant had assumed a duty to show precise contours with sufficient accuracy for reliance by the plaintiff. The defendant's duty, if any, as to contours is obscure. There was inconclusive testimony by the plaintiff's foreman that the defendant's manager in charge of the operation said that the presence of the hill was not reflected in the plans, because ''we'' did not have time to survey the area and so ''we'' ''went from'' a government topographical plan which did not show the hill.

The plaintiff, accordingly, has shown no ground of recovery for erroneous or negligent representation in the plans.

We now consider the issue of negligence in the placing of stakes. These were ''offset stakes,'' which were to provide starting points for stakes to be set out by the contractor in connection with the prosecution of the work. The principal respects in which there was evidence tending to prove negligent placing of stakes are these. Two catchbasins were designated by the defendant's employees in wrong locations and had to be rebuilt by the plaintiff. Rogers Road was staked out eight feet away from its proper location, necessitating the rebuilding of the road once the error was discovered. The defendant's staking was completed in November, 1960, and throughout the staking operation, beginning in 1959, the defendant knew that the contractor was to be the plaintiff; that the purpose of the staking to be performed by the defendant's field force was so that the plaintiff contractor could build the roads; and that the work the plaintiff would perform would be in accordance with the grades and stakes which the defendant would set out. The type and extent of any damage were foreseeable. There would not be ''liability in an indeterminate amount for an indeterminate time to an indeterminate class.'' *Ultramares Corp.* v. *Touche, Niven & Co.* 255 N. Y. 170, 179. The defendant's knowledge of the plaintiff's identity and of the precise purpose of placing the stakes eliminates any objection based upon unlimited liability. See, for example, *Ultramares Corp.* v. *Touche, Niven & Co., supra.* See also

*Howell* v. *Betts,* 211 Tenn. 134; Prosser, Torts (3d ed.) § 102, p. 722; Prosser, Misrepresentation and Third Persons, 19 Vand. L. Rev. 231, 248–250.

The question remains whether the law permits recovery for pecuniary loss due to erroneous placing of stakes. The requirement of a contractual relation for recovery for injury to the person due to negligent performance of a contractual duty was done away with in *Carter* v. *Yardley & Co. Ltd.* 319 Mass. 92. See *United States* v. *Rogers & Rogers,* 161 F. Supp. 132, 135 (D. C. S. D. Cal.). In the case at bar where the defendant was under contract with the owner to perform professional services, where the plaintiff was under another contract with the owner which contemplated reliance on those services, where the identity of the only possible plaintiff and the extent of his reliance were known to the defendant, and where damages are not remote, it is reasonable to reach an analogous result. We are reluctant to perpetuate a distinction which would be logically indefensible. Accordingly, we hold that it was error to direct a verdict for the defendant on count 2. For so doing, there is support in authority. *Weston* v. *Brown,* 82 N. H. 157. *Glanzer* v. *Shepard,* 233 N. Y. 236. Compare *Harriott* v. *Plimpton,* 166 Mass. 585, with *New England Bond & Mortgage Co.* v. *Brock,* 270 Mass. 107.

A further contention that the plaintiff was delayed waiting for the placing of stakes is not a ground for recovery. This would be a promise and not a misrepresentation; and would be a promise without a date for performance.

The exception to the direction of a verdict on count 1 is overruled. The exception to the direction of a verdict on count 2 is sustained. The new trial is to be confined to count 2 and to issues relating to erroneous placing of stakes.

*So ordered.*