GEORGE H. ANTHONY *vs.* PHILIP A. VAUGHAN & another.[1]

Suffolk. January 7, 1970. — February 2, 1970.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Deceit.*

Demurrers were rightly sustained to the declaration in an action for deceit against a life insurance company and its agent based on an alleged negligent misrepresentation made by the defendants to the officers and directors of an association, of whom the plaintiff was one, that certain members of the association, including the plaintiff's father, would be covered under a policy issued by the defendant if certain action were taken by the officers and directors, and alleging in substance that they did take such action in reliance on the representation, and that the plaintiff was damaged because he would have been the beneficiary of his father had his father been covered under the policy at his death but that in fact his father was not so covered.

TORT. Writ in the Superior Court dated September 15, 1967.

The action was heard by *Sullivan,* J., on demurrers.

*Charles T. Johnson,* for the plaintiff, submitted a brief.

*Michael E. Hager* for the defendants.

WILKINS, C.J. The second amended declaration in this action of tort for negligent misrepresentation is in two substantially identical counts, the first against the Connecticut General Life Insurance Company, and the second against the individual defendant. Each defendant filed a demurrer based upon legal insufficiency and failure to state concisely and with substantial certainty the substantive facts neces-

---

[1] Connecticut General Life Insurance Company.

sary to state a cause of action. The demurrers were sustained without leave to amend. The plaintiff appealed.

The first count, as stated in the record and omitting the overstatements of the record as put forth in the plaintiff's brief, is as follows: The plaintiff is the beneficiary named in a certificate of insurance under a policy issued by the corporate defendant. Upon the death of his father the plaintiff became entitled to $3,000, the proceeds of the insurance, but the insurance company refused to pay "for the reason" that on October 25, 1966, at a meeting of the officers and directors of the Boston Retail Liquor Dealers Association the insurance company, acting through its agent, negligently made a false representation that if the officers and directors would accept a reduced coverage to $3,000, those members not actively at work on that date would be covered under the policy. The insurance company knew or should have known that the policy excluded those who were not actively at work on that date, and intended that the officers and directors vote to accept the reduced coverage. The officers and directors (the plaintiff voting as director), in reliance on the representation, voted for the reduced coverage, all to the damage of the plaintiff beneficiary, because the plaintiff's father was not actively at work on October 25, 1966.

The plaintiff seeks to bring his action within *Craig* v. *Everett M. Brooks Co.* 351 Mass. 497. In that case the plaintiff, a general contractor, and the defendant, a civil engineer and surveyor, each had a contract with the same real estate developer. The defendant placed stakes on the developer's real estate so that the contractor could build roads. The defendant knew that the plaintiff was the contractor, and that the work which the plaintiff would perform would be in accordance with the grades and stakes which the defendant would set out. We held (p. 501) that there could be recovery, although the plaintiff and the defendant had no contract with each other.

In the case at bar the plaintiff is suing as beneficiary upon a negligent representation made to the officers and directors of the association in order to influence their action. This

case cannot be brought within the *Craig* case. To allow recovery would allow "liability in an indeterminate amount for an indeterminate time to an indeterminate class," an unfortunate result carefully avoided in the *Craig* case (p. 500). See *Ultramares Corp.* v. *Touche, Niven & Co.* 255 N. Y. 170, 179. If recovery were permitted, it would extend to an indefinite number of unidentified members of the association holding an unknown number of policies. An unknown number of the plaintiff's fellow beneficiaries would be included, embracing persons not present at the meeting at which the alleged misstatement was made.

The counts are fatally defective in other respects. It is not alleged that the officers and directors knew that the plaintiff's father was a member of the association and was not actively at work on October 25, 1966, or that they intended him to be covered. There is no allegation that the plaintiff knew that his father was not actively at work and that he voted intending him to be covered.

*Orders sustaining demurrers affirmed.*