JAMES B. LEVINE & another[1] vs. E. F. HUTTON & Co., INC. March 31, 1983. This inartistic complaint recites that the defendant brokerage

---

[1] Patricia Levine.

house represented to the plaintiffs in the course of an aggressive solicitation that certain securities had excellent growth potential; induced thereby, the plaintiffs bought the securities on margin; in a relatively short time the market values of the securities declined sharply; the defendant called for cover; and the result was that the plaintiff's account was liquidated with a loss of some $24,000, for which the action was brought. Upon motion by the defendant to dismiss the complaint for failure to state a claim (Mass.R.Civ.P. 12[b], 365 Mass. 755 [1974]), a judge of the Superior Court properly read the complaint with indulgence. See *Nader* v. *Citron*, 372 Mass. 96, 98 (1977). Evidently finding a theory of fraud, with the usual element of scienter, lurking in the complaint, the judge elicited from the plaintiffs at the argument of the motion a disclaimer of any intention to base their action on that theory. Thereupon he allowed the motion to dismiss, and judgment entered for the defendant. The plaintiffs appeal.

If the complaint is to be read thus generously, other possible theories suggest themselves which have not been waived — negligent misrepresentation (see Restatement [Second] of Torts § 552 [1976]; *Blank* v. *Kaitz*, 350 Mass. 779 [1966]; *Craig* v. *Everett M. Brooks Co.*, 351 Mass. 497 [1967]), and so called "innocent" misrepresentation (Restatement [Second] of Torts § 552C; *New England Foundation Co.* v. *Elliott & Watrous, Inc.*, 306 Mass. 177, 183 [1940]; *Yorke* v. *Taylor*, 332 Mass. 368, 371 [1955]; *Henderson* v. *D'Annolfo, ante* 413, 422 [1983]). Accordingly, following the course taken in *Charbonnier* v. *Amico*, 367 Mass. 146, 153-154 (1975), and *Balsavich* v. *Local Union 170 of the Intl. Bhd. of Teamsters*, 371 Mass. 283, 287-288 (1976), the judgment appealed from will be modified so that the plaintiffs will have leave, within forty days of the date of the rescript, to file an amended complaint with definite averments invoking more explicitly the theory or theories on which they intend finally to rely. The plaintiffs cannot be precluded from claiming a relationship with the defendant different from that which is usual between customer and broker, see *Robinson* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 337 F. Supp. 107 (N.D. Ala. 1971); *Lieb* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 461 F. Supp. 951 (E.D. Mich. 1978), but it may be appropriate, as in *Balsavich, supra* at 288, to call attention to counsel's obligation of care, with exposure to sanctions, in the preparation of an amended pleading. See Mass.R.Civ.P. 11 (a), 365 Mass. 753 (1974).

*Judgment modified as indicated.*

*Richard R. Lavin* for the defendant.
*Ashley Brown,* for the plaintiffs, submitted a brief.