Cowin, J.
This action arises from the rehabilitation of the emergency spillway and channel at Lake Monomonac in Winchendon, Massachusetts (“the project"). Tasco Construction, Inc. (“Tasco”), the general contractor on the project, brought suit against the Town of Winchendon (“the town”), owner of the project, and Dufresne-Henry, Inc. (“D-H”), the engineering firm hired by the town to act as Clerk of the Works for the project. Tasco alleges breach of contract against the town and D-H, and negligence against D-H. The parties are before the court on D-H’s motion for summary judgment as to all of Tasco’s claims against it and as to the town’s cross-claim of indemnification against it. D-H’s motion is allowed as to Tasco’s claims but denied as to the town’s cross-claim.
BACKGROUND
The undisputed facts are as follows. In May 1988, the Commonwealth awarded a grant to the town for the purpose of rehabilitating the project. The town and D-H then entered into a contract pursuant to which D-H was to provide “pre-construction engineering services, construction administration and resident inspection” for the project. Among other contractual duties, D-H reviewed the plans and specifications for the project,[1] prepared bid documents, advertised for bids, reviewed the bidders’ qualifications, recommended a bidder, and prepared a contractor’s estimate for payment. Although both the town and D-H understood that the plans and specifications reviewed by D-H would later be used by the project’s general contractor, at the time D-H entered into the contract with the town, the town had not yet hired Tasco or any other general contractor. Under the contract, the town agreed to indemnify D-H from “all claims and costs” arising out of the contract, “except when such claims and costs [were] caused by the negligent acts, errors or omissions of ID-H].”
The town and Tasco entered into a contract on December 29, 1988, pursuant to which Tasco acted as general contractor for the project. The contract incorporated special bid provisions which required Tasco to visit the project site and make its bid “in sole reliance” upon its own investigation “regarding conditions affecting the proposed work, and the labor and materials required.”
In March of 1989, the parties discovered that the plans and specifications reviewed and approved by D-H incorrectly estimated the amount of excavation required. This underestimation resulted in Tasco encountering additional costs to complete the project pursuant to its contract with the town and ultimately resulted in Tasco filing the present action against the town and D-H. D-H now moves for summary judgment as to Count II for breach of contract, Count III for negligence, and as to the town’s cross-claim for indemnification.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and of showing “that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14 (1989).
Breach of Contract Claim
In Count II, Tasco, although not a party to the contract between the town and D-H, seeks damages as a third-party beneficiary to that contract. In Rae v. Air-Speed, Inc., 386 Mass. 187, 194-95 (1982), the Supreme Judicial Court recognized the right of a third party to enforce a contract in its favor when it is an intended beneficiary of the contract.[2] In so doing, the Court adopted the rule set forth in the Restatement (Second) of Contracts §302 (1981), which states in pertinent part that “a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or (b) the *538 circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.”
In essence, Tasco argues that because D-H was required to review the plans and specifications for the project pursuant to the contract between the town and D-H, Tasco was an intended beneficiary. Such an argument carries the concept of intended beneficiary too far. Tasco had no contractual right to performance by either the town or D-H with respect to the contract between the town and D-H. Neither the town nor D-H had any obligation to pay money to Tasco which would be satisfied by the performance of its duties under the contract. Finally, the circumstances do not indicate that either of the promisees, the town or D-H, intended to give Tasco the benefit of any promised performance.
Tasco may have benefitted from the contract between the town and D-H in that Tasco utilized and followed the plans and specifications which D-H reviewed pursuant to the contract between the town and D-H. However, given the complete lack of evidence that either the town or D-H intended that Tasco accrue such benefit, Tasco was merely an incidental, not an intended beneficiary. As an incidental third-party beneficiary, Tasco has no cause of action under the contract between the town and D-H. Harvard Law School Coalition for Civil Rights v. President & Fellows of Harvard College, 413 Mass. 66, 71 (1992). Consequently, D-H is entitled to summary judgment as to Count II.
Negligence Claim
In Count III, Tasco claims that it suffered economic damages as a result of D-H’s negligent review and approval of the plans and specifications for the project. Massachusetts follows the “economic loss rule,” which rule precludes negligence claims for purely economic losses such as Tasco’s in the absence of privity of contract. See FMR Corp. v. Boston Edison Co., 415 Mass. 393 (1993); Garweth Corp. v. Boston Edison Co., 415 Mass. 303 (1993); and Bay State-Spray & Provincetown Steamship, Inc. v. Caterpillar Tractor Co., 404 Mass. 103, 107 (1989).[3] Tasco has shown no property damage or personal injury resulting from D-H’s alleged negligence. D-H is therefore entitled to summary judgment on Count III.
Tasco attempts to escape this outcome by asserting that D-H’s endorsement of allegedly faulty plans and specifications amounted to negligent misrepresentation,[4] citing Craig v. Everett M. Brooks Co., 351 Mass. 497 (1967) (defendant engineer may be liable for negligent misrepresentation when it placed stakes in the wrong locations at a construction site, knowing that the proper placement of the stakes would be relied upon by the plaintiff). The instant case, however, differs from Craig in two important respects. First, unlike the situation in Craig, here D-H had no knowledge of Tasco’s identity as a possible plaintiff. D-H contracted with the town to provide engineering and other services long before Tasco became involved with the project.
In the present case, however, it is not necessary to reach this issue of lack of identity of the intended beneficiary. The second difference from Craig is the key distinguishing factor. As part of its contract with the town, Tasco agreed to make its bid “in sole reliance upon” its own investigations regarding the amounts of materials and labor (i.e., excavation) required, and also agreed that any estimates would only be “approximately correct.” Thus, the plaintiff contracted to be responsible for taking measurements. Accordingly, it cannot be a third-party beneficiary entitled to rely upon another’s estimates and measurements. It has assumed those responsibilities itself. Since the Craig court specifically limited its holding to the facts of the case before it, extending liability for negligent misrepresentation to D-H in the instant case would not be in keeping with the Court’s holding in Craig.[5]
This decision adheres to those in the majority of states which strictly limit liability for negligent misrepresentation to those who are in the business of supplying information to others, such as attorneys and surveyors. Design professionals such as D-H have not been included in that group. See Raffel v. Perley, 14 Mass.App.Ct. 242, 246 n.9; Palco Linings, Inc. v. Pavex, Inc., 755 F.Supp. 1269, 1274 (M.D.Pa. 1990); Moorman Manufacturing Co. v. National Tank Co., 435 N.E.2d 443 (Ill. 1982).[6] D-H is therefore entitled to summary judgment on Count III.
The Town’s Cross-claim for Indemnification
The town has asserted a cross-claim against D-H for indemnification on the theory that if the town is liable to Tasco, the town can look to D-H for payment. D-H has moved for summary judgment on the cross-claim, arguing in essence that because the economic loss doctrine precludes D-H from being held directly liable to Tasco, D-H can never be liable to the town. There is no authority for such a proposition. The economic loss doctrine does not apply to the present contractual relationship between the town and D-H.
D-H also argues that its position is supported by an indemnification clause in the contract. The indemnification clause of the contract states that the town will hold D-H harmless from all claims and costs arising out of the contract “except when such claims and costs are caused by the negligent acts, errors or omissions of Dufresne-Henry, Inc.” That clause does not address the issue of indemnification of the town by D-H. The clause simply provides that the town will indemnify D-H except for negligent acts of D-H. Contrary to D-H’s argument, the town has not, by implication, given up its common law breach of contract rights against D-H. Should Tasco prevail against the town because of an act or omission of D-H, nothing bars the town from proceeding against D-H. The town will claim that it was D-H who caused the problem. Summaryjudgment is therefore inappropriate as to the cross-claim.
*539 ORDER
For the foregoing reasons, it is hereby ORDERED that Dufresne-Henry, Inc.’s motion for summary judgment is ALLOWED as to Counts II and III of Tasco Construction, Inc.’s complaint. The motion of Dufresne-Henry, Inc. as to the town’s cross-claim is DENIED.

 Although the contract between the town and Tasco indicates that the drawings and specifications for the project were prepared by D-H, they were in fact originally prepared by SEA Consultants, an entity which is not a party to this lawsuit.

 is not necessary that the intended beneficiary be identified at the time the contract is made. See Flattery v. Gregory, 394 Mass. 143, 148-51 (1986), and Restatement (Second) of Contracts §308 (1981).

 Amajori1y of states have adopted this rule. See East River S.S. Corp. v. Transamerica Delaval Inc., 476 U.S. 858, 868 (1986).

 Tasco did not actually plead negligent misrepresentation in a count separate from its negligence claim, but Tasco argued the issue at oral argument. This Court will liberally construe the complaint to include a claim for negligent misrepresentation. See Craig v. Everett M. Brooks Co., 351 Mass. 497, 499 (1967).

 Court’s action in allowing the motion for summary judgment is also in accord with three recent decisions by justices of the Massachusetts Superior Court. See Morse Co., Inc. v. First Healthcare Corp., Norfolk Superior Court Action No. 93-455 (Memo and Order dated Dec. 16, 1993, Steams, J.); Prescott, Inc. v. National Grange Insurance, Worcester Superior Court No. 92-3047 (Memo and Order dated Dec. 1, 1993, Hely, J.); and Anastasi Brothers Corp. v. Massachusetts Convention Center Authority, Suffolk Superior Court Consolidated Action Nos. 89-0867, 89-0198, 89-6480, 89-6481, 89-7721 and Middlesex 90-0898 (Memo and Order dated Nov. 1, 1993, Steadman, J.).

 Compare Restatement (Second) of Torts, §552, Illustration 9 (1965). Illustration 9 is based upon a 1961 California Appeals Court case with facts strikingly similar to those in the case at hand. The California Appeals Court imposed liability on a negligent misrepresentation theory upon a defendant in the same position as D-H. Massachusetts courts, while citing various other Restatement sections with approval, have evidently thus far chosen to forego the guidance of §552, Illustration 9.