Brassard, J.
The plaintiff, P.J. Gear & Son, Inc. (“Gear”) has brought suit against the defendants, City
of Medford, acting through the Medford Housing Authority (“MHA”), andB. Goba Associates, Inc. (“Goba”), alleging breach of contract (Count I), delay damages (Count II), misrepresentation and unfair or deceptive acts or practices in the conduct of any trade or commerce under G.L.c. 93A, §11 (Count III). Goba has moved for summary judgment on all counts in Gear’s amended complaint and Gear has filed a cross motion for summary judgment on all counts in its amended complaint as they relate to Goba.[3] For the reasons set forth below, Goba’s motion for summary judgment on Counts I-III is ALLOWED and Gear’s cross motion for summary judgment on Counts I-III, as they relate to Goba, is DENIED.
BACKGROUND
The summary judgment record contains the following material facts.
On January 2, 2001, Gear entered into a contract with MHA to serve as the general contractor on a project to renovate a lobby in the Saltonstall Building at 121 Riverside Avenue (“the Project”). Goba entered into a separate contract with MHA to serve as the architect on the Project and act as the administrator of the construction contract. Under the terms of its contract with MHA, Goba had to review, approve and submit all of Gear’s requests for payment. The contract further required Goba to negotiate, prepare cost or price analyses for and countersign change orders and to prepare written punch lists, certificates of completion and other necessary construction close out documents.
At some time prior to February 15, 2001, Gear began experiencing delays on the Project. On August 2, 2001, Gear submitted Change Order #1 seeking a 175-day extension on the time of the contract and $25,740.99 for extra work performed. It also submitted Requisition for Payment #6 in the amount of $128,721.99 for contract work due to Gear and its subcontractors and Requisition for Payment #7 in the amount of $36,932 for retainage due to Gear and its subcontractors. On September 25, 2001, Gear resubmitted all of the above along with Change Order #2. Change Order #2 sought a five-day extension and $928.40 for additional work performed.
On October 17, 2001, Gear received its “first” non-monetarized punch list from Goba containing forty-seven items, which Goba believed were not complete. Gear returned the punch list on December 7, 2001, stating that most, if not all, of the work had been completed by November 14, 2001, if not before. Gem received two additional punch lists, one on January 14, 2002 and one monetarized on February 8, 2002, containing items from the October 17, 2001 punch list that Goba believed were still incomplete. Gear submitted these lists to its subcontractors, who Gear claims responded that most, if not all, of the work had already been completed. On February 19, 2002, MHA notified Gear that because of its failure to complete the work *174 and pay its subcontractors, MHA was invoking liquidated damages and would not make any further payments.
DISCUSSION
Summary judgment is appropriate when there are no genuine issues of material fact and the summary judgment record entitles the moving party to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The facts must be viewed “in the light most favorable to [the nonmoving party], taking all the facts set forth in its supporting affidavits as true.’’[4] G.S. Enterprises. Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991). The moving party bears the burden of demonstrating that no genuine issue of material fact exists on every relevant issue. See Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Amovingparty who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. See Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party is required to oppose the summary judgment motion by setting forth “specific facts showing that there is a genuine issue for trial.” Mass.R.Civ.P. 56(e); Kourouvacilis, 410 Mass. at 716. Vague or general allegations of expected proof or mere assertions or inferences made by the opposing party are insufficient to defeat a motion for summary judgment. See First National Bank of Boston v. Slade, 379 Mass. 243, 246 (1979).
A. Breach of Contract and Delay Damages
Gear asserts that Goba breached a contractual obligation to Gear by failing to act on Gear’s requests for payment. There is no contract, however, between Gear and Goba. Gear had a contract with MHA and Goba had its own contract with MHA, but Gear and Goba did not have a contract with each other. Without an agreement, oral or written, expressed or implied, Gear cannot sustain a claim for breach of contract. See Singarella v. Boston, 342 Mass. 385, 387 (1961) (to prove a breach of contract, the plaintiff must prove (1) an agreement (2) supported by consideration, (3) that the plaintiff was ready to perform, (4) breach prevented it from performing, and (5) damages). To the extent that Gear’s delay claim arises out of an alleged breach of contract between Gear and Goba, since there was no contract between them, Goba is not responsible for any delay damages arising out of an alleged contract with Gear or Goba’s contract with MHA.
B. Misrepresentation
Gear claims that Goba’s submission of the punch lists to Gear and recommendations to MHA to deny payment because work was not completed amounted to fraud or negligent misrepresentation. In analyzing a claim for negligent misrepresentation, the court must begin by determining whether, in the absence of a contract, Gear can bring a claim of negligent misrepresentation against Goba. The duty of a professional to persons with whom the professional is not in privity extends to a plaintiff who can establish actual knowledge on behalf of the professional of the limited, named or unnamed, group of people who might reasonably be expected to receive this information and act in reliance upon it, as well as actual knowledge of the purpose of the information. See Nycal Corp. v. KPMG Peat Marwick, LLP., 426 Mass. 491, 496-97 (1998). Since Goba knew that it was required to administer the construction contract and that MHA would use Goba’s recommendations to determine whether to pay Gear or to direct Gear to do additional work, Gear can bring a negligent misrepresentation claim against Goba, despite the absence of a contract.
Next, the court must determine whether Gear has a reasonable expectation of proving the essential elements of a negligent misrepresentation claim. See Kourouvacilis, 410 Mass. at 716; Nota Construction Corp. v. Keyes Associates, Inc., 45 Mass.App.Ct. 15, 19-20 (1998). To prove a claim of negligent misrepresentation, “a plaintiff must prove that the defendant (1) in the course of his business, (2) supplies false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance upon the information, and (6) with failure to exercise reasonable care or competence in obtaining or communicating the information.” Nota, 45 Mass.App.Ct. at 19-20, citing Fox v. F&J Gattozzi Corp., 41 Mass.App.Ct. 581, 587-88 (1996). A court should not decide a claim for negligent misrepresentation on summaiyjudgment, “unless the undisputed facts are so clear as to permit only one conclusion.” Id. at 20. Although there may be a dispute as to whether Goba’s statements to MHA and Gear that work was not completed or satisfactorily completed were accurate, Gear has failed to produce sufficient facts from which a reasonable jury could conclude that Gear relied on those representations to its detriment. See Kourouvacilis, 410 Mass. at 716; Nota, 45 Mass.App.Ct. at 19-20. To maintain a claim for negligent misrepresentation, there must be justifiable reliance and detriment suffered on account of the reliance. See Nota, 45 Mass.App.Ct. at 19-20. In the present case, Gear did not change its position in reliance on Goba’s alleged misrepresentations. In fact, Gear did not rely on the punch lists at all. It essentially disregarded them, claiming that the work was already done.
The circumstances of the present case are substantially different from those in Craig v. Everett M. Brooks Co., 351 Mass. 497 (1967), and Nota. In Craig, a civil engineer made negligent and erroneous representations in the plans and in the locations of stakes for the *175 construction of a road. Craig, 351 Mass. at 498-99. Under its contract with the owner, the engineer knew that the contractor would rely on the placement of the stakes for the construction of the road and catchbasins. Id. at 500. The engineer’s negligent misrepresentations caused the contractor to have to rebuild the road. Id. at 501. Similarly, in Nota, a subcontractor alleged that an architect, hired by a school district to prepare plans and specifications for the solicitation of bids for the construction of a new school, gave faulty information as to the location and depth of a ledge to be encountered in the septic area and the location of subsurface ledge to be anticipated in the site work portion of the project. Nota, 45 Mass.App.Ct. at 16. Due to this faulty information, the subcontractor was forced to incur additional expenses to correct the mistake. Id. In the present case, Gear did not engage in any additional activity or refrain from an activity that caused it to incur an additional expense. Since Gear has failed to establish an essential element of its negligent misrepresentation claim, Goba is entitled to summary judgment on this claim.[5]
C. G.L.c. 93A, §11
In its complaint and at oral argument Gear alleged that Goba violated G.L.c. 93A, §11 by its delay in issuing punch lists and by falsely stating that certain work still needed to be completed. To sustain a claim under G.L.c. 93A, §11, the claimant must be engaged in the conduct of any trade or commerce and must suffer a loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice declared unlawful by Section two of c. 93A. G.L.c. 93A, §11 (2002). To defeat a well-pleaded motion for summary judgment, the nonmoving party must set forth “specific facts showing that there is a genuine issue for trial.” Mass.R.Civ.P. 56(e); Kourouvacilis, 410 Mass. at 716. For the reasons stated below, the court concludes that Gear has failed to present specific facts from which a reasonable, jury could conclude that Goba engaged in unfair or deceptive trade practices.
Goba claims that Gear cannot sustain its 93A claim because there is no business or contractual relationship between Gear and Goba. Determining whether a party, not in privity with the defendant, may maintain a 93A claim is a difficult question. In this case, the court is presented with two issues. First, whether a nonprivity plaintiff can maintain a 93A claim that is based only on a claim of negligent misrepresentation? Second, if a nonprivity plaintiff can raise a 93A claim based on negligent misrepresentation, was there a sufficient business relationship between Gear and Goba to give rise to 93A liability? See Reisman v. KPMG Peat Marwick LLP., 57 Mass.App.Ct. 100, 124-25 (2003).
“[P]rivity is not required to maintain a nonwarranty-based action under 93A, i.e., one based on fraud, so long as the parties are engaged in more than a minor or insignificant business relationship.” Reisman, 57 Mass.App.Ct. at 125, quoting Standard Register Co. v. Bolton-Emerson, Inc., 38 Mass.App.Ct. 545, 551 (1995). In this case, Gear seeks to expand the rule expressed in Reisman, to 93A actions based only on a claim of negligent misrepresentation. While in Nota, 45 Mass.App.Ct. at 21, the Appeals Court found that the plaintiff had a viable 93A claim where the plaintiff set forth potentially viable claims for deceit and negligent misrepresentation, the appellate courts have yet to address whether a nonprivity party can maintain a 93A claim that is grounded only on a claim of negligent misrepresentation. Additionally, whether Gear and Goba had more than a minor or insignificant business relationship is a close question.[6] This court makes no decision, however, on whether or not Gear, in the absence of privity, can maintain a 93A claim that is based only on a claim of negligent misrepresentation. This court concludes that even if Gear can maintain such an action, Gear is not entitled to summary judgment on its 93A claim because it has failed to produce specific facts from which a reasonable juiy could conclude that Goba engaged in unfair or deceptive trade practices.
Whether an act is unfair or deceptive within the meaning of 93A depends on the facts and circumstances of each case. See Glickman v. Brown, 21 Mass.App.Ct. 229, 234 (1985). An act is unfair or deceptive if it is “ ‘within any recognized conception of unfairness’ or is ‘immoral, unethical, oppressive or unscrupulous’ or ‘causes substantial injury to consumers (or competitors or other businessmen).’ ” Id., quoting PMP Associates, Inc. v. Globe Newspaper Co., 366 Mass. 593, 596 (1975). Gear claims that Goba’s delay in generating punch lists and misrepresentation of items to be completed that Goba knew or should have known were completed constitute unfair and deceptive acts under 93A. The courts have recognized that “a negligent misrepresentation of fact the truth of which is reasonably capable of ascertainment is an unfair and deceptive act or practice within the meaning of c. 93A, §2(a).” Glickman, 21 Mass.App.Ct. at 235. In this case, however, Gear has failed to set forth specific facts from which a reasonable jury could conclude that Goba made negligent misrepresentations.
In Glickman, the court held that the plaintiff could sustain a 93A claim against the developer of a condominium complex based on a claim of negligent misrepresentation, where there was sufficient evidence that the heating system had been defective for some time, the developer had never checked the risers for the heating system, and had he done so he would have discovered that they were corroded. Id. at 235. This case is distinguishable from Glickman. According to *176 Glickman, a defendant makes a negligent misrepresentation under 93A when he makes no effort to ascertain the truth of his statements. See id., at 235. Gear has failed to produce any evidence that Goba made no effort to ascertain the truth of its statements. Furthermore, Gear has presented no evidence that had Goba made such an effort its conclusion that the work was not satisfactory would have been different. Gear has not presented any evidence from which a jury could infer that the work Gear claims it completed was done in compliance with Goba and MHA’s specifications. Gear has presented no evidence that Goba knew or should have known that the work was acceptable. Additionally, it has presented no evidence that Goba acted fraudulently or in bad faith, alleging that work was incomplete, when in fact the work complied with specifications. At best Gear has presented a good faith dispute as to whether the work done was satisfactory and as to whether the punch lists accurately reflected work yet to be accomplished. Such a dispute does not rise to the level of an unfair or deceptive trade practice. Since Gear has failed to present specific facts from which a jury could conclude that Goba acted in an unfair or deceptive manner, Goba’s motion for summary judgment on Gear’s 93A claim is allowed.
ORDER
For all of the foregoing reasons, it is hereby ORDERED that the defendant, Goba’s motion for summary judgment is ALLOWED as to Counts I-III of the plaintiffs amended complaint. It is further ORDERED that the plaintiffs cross-motion for summary judgment is DENIED.

 Gear has not moved for summary judgment with respect to its claims against the City of Medford.

 In addition to Gear’s opposition to Goba’s motion for summary judgment, Gear has filed a motion to strike photographs, the affidavit of Harry B. Nelson, Jr. (“Nelson"), certain portions of Goba’s statement of facts, and other exhibits attached to Goba’s motion for summary judgment. To the extent that the motion to strike concerned photographs submitted with the Nelson affidavit, the court did not rely on those photographs in making its decision. The only fact in the Nelson affidavit considered by the court was that MHA believes that some of the work, which Gear was required to complete under its contract, remains incomplete.

 Reliance is also an essential element of a claim for fraud. See Zimmerman v. Kent, 31 Mass.App.Ct. 72, 77 (1991). Since Gear has failed to set forth specific facts from which a reasonable jury could find reliance, Goba is also entitled to summary judgment on Gear’s fraud claim.

 Although Massachusetts has yet to define what conduct constitutes “more than a minor or insignificant business relationship," the Supreme Judicial Court, the Appeals Court and the federal courts have tended to find such a relationship where the defendant played an active role in the underlying transaction. Compare Kattar, 433 Mass. at 14-15 (holding that despite the absence of a contractual relationship and no formal authority over the mortgagor, since the defendant was a member of the mortgagor’s inner circle, the mortgagee could sustain his 93A claim); Reisman, 57 Mass.App.Ct. at 125 (holding that the shareholders could bring a 93A claim against an accounting firm that actively participated in the transaction at issue); Standard Register, 38 Mass.App.Ct. at 551 (holding that the purchaser could sustain a 93A claim against the president and vice-president of a manufacturing company because they took an active role in the dealings with the plaintiff); Mongeau v. Boutelle, 10 Mass.App.Ct. 246, 247-48 (1980) (holding that the purchaser could bring a 93A claim against the real estate broker because the broker misinformed the plaintiff as to the acreage of the parcel and failed to disclose that the property was encumbered); Chestnut Hill Development Corp. v. Otis Elevator Co., 653 F.Sup. 927, 933 (D.Mass. 1987) (holding that the owner could maintain a 93A claim against the subcontractor where there was a genuine issue of material fact as to whether the owner was the third-party beneficiary of the contract between the general contractor and the subcontractor); contrast Nei v. Boston Survey Consultants, Inc., 388 Mass. 320, 324 (1983) (holding that the purchaser of the land could not maintain a 93A claim against the surveyor where the surveyor did not participate in the negotiations or in the signing of any of the documents, and did not misrepresent the size of the lot); John Boyd Co. v. Boston Gas Co., 775 F.Sup. 435, 440 (D.Mass. 1991) (holding that the owner of the land could not bring a 93A action against a prior owner of the land, who was not the seller, because there was no business connection between the two parties); Cash Energy, Inc. v. Weiner, 768 F.Sup. 892, 893-94 (D.Mass. 1991) (holding that an abutter could not bring a 93A claim because there was no business relationship with the defendant). In this case, Goba had a duty to administer the construction contract, to attend dispute resolution, to review and approve shop drawings, monitor weekly the quality and progress of work, prepare punch lists, and issue a Certificate of Substantial Completion. Additionally, Goba had to review, approve and submit all of Gear’s requests for payment to MHA and had to negotiate and countersign change orders. Such conduct could be characterized as more than a minor or insignificant business relationship.