Hely, J.
A.Introduction
The defendant Atlantic Design Engineers supplied engineering services to the Town of Middleborough and served part-time as the town engineer. Atlantic was assigned by the Middleborough Planning Board to review the plaintiff Nestlenook’s application for approval of a subdivision proposed by Nestlenook. Nestlenook claims that Atlantic performed the engineering services negligently. Specifically, Nestlenook claims that Atlantic’s comment letter to the town negligently required Nestlenook to design and construct a retention pond as part of the drainage system for the subdivision. Nestlenook contends that its construction of the retention pond in compliance with Atlantic’s comment letter caused it economic losses and property damage.
Nestlenook alleges claims for negligence, breach of contract, breach of implied warranties of merchantability and fitness for a particular purpose, and violation of G.L.c. 93A. Only the negligence claim can survive summary judgment.
B.Public Employee Immunity
Atlantic is not entitled to summary judgment under the public employee immunity in G.L.c. 258, §2.
The “public employee” definition in G.L.c. 258, §1, includes part-time as well as full-time officers and employees. Atlantic’s part-time status with the town does not preclude public employee immunity.
The “public employee” definition in Section 1, must also be read in conjunction with the “public employer” definition in the same section. To be a public employee the person must be an officer or employee “of any public employer.” The “public employer” definition includes towns and other government entities if the employer “exercises direction and control” over the public employee. Consistently with these interlocking definitions, the case law has relied on the principal’s right to exercise direction and control as a primary consideration in determining whether a particular defendant is a public employee for Chapter 258 immunity purposes. Kelley v. Rossi, 395 Mass. 659, 661-64 (1985);Smith v. Steinberg, 395 Mass. 666, 669 (1985).
Although Atlantic may have held the title of town engineer as a single, full-time employee might in other towns, the evidence is that Atlantic was an independent contractor. The evidence supports Nestlenook’s argument that Atlantic was not subject to the right of direction and control by the town in how it performed its engineering services. Atlantic no doubt was subject to some control by the town in that the town assigned it projects and identified the scope of each particular assignment. The manner of carrying out these assignments was still a matter of Atlantic’s independent professional engineering judgment. The town was not Atlantic’s only engineering client, and this is also a relevant factor. Atlantic is a private corporation, and it acts through a group of human agents rather than one person. These factors also lessen the town’s right to exercise direction and control over how Atlantic performed its professional services.
Suffice it to say that Atlantic has not demonstrated that it was not an independent contractor, and it has not shown that the town retained the right to control the manner of Atlantic’s performance of its professional services. See Kelley v. Rossi, supra; Smith v. Steinberg, supra; Williams v. Hartman, 413 Mass. 398, 400-01 (1997); Hopper v. Callahan, 408 Mass. 621, 634 (1990); Thornton v. Commonwealth, 28 Mass.App.Ct. 511, 514 (1990); compare McNamara v. Honeyman, 406 Mass. 43, 48 (1989); Williams v. Bresnahan, 27 Mass.App.Ct. 191 (1989); Florio v. Kennedy, 18 Mass.App.Ct. 917 (1984).
C.Economic Loss Rule
Atlantic is not entitled to summary judgment under the economic loss rule. Nestlenook has presented evidence that it sustained physical damage to its property, rather than just economic loss, allegedly caused by negligence of Atlantic. Priority Finishing *34 Corp. v. LAL Construction Corp., 40 Mass.App.Ct. 719, 721 (1996).
D.Negligence and Duty
Atlantic argues that it performed engineering services only to the town Planning Board and that it cannot be liable in negligence to Nestlenook because it owed no legal duty to Nestlenook. Atlantic relies on the lender’s attorney malpractice case of Page v. Frazier, 388 Mass. 55 (1982).
As Nestlenook correctly points out, however, the negligence claim against Atlantic in this case is much more analogous to the negligence claim against the engineer in Craig v. Everett M. Brooks Co., 351 Mass. 497, 500-01 (1967). In Craig, the court reversed the directed verdict for the defendant engineer on a negligence claim despite the lack of a contractual relationship between the plaintiff contractor and the engineer. The defendant engineer in Craig knew the identity of the plaintiff contractor and knew that the contractor would be relying on the locations of the stakes that the defendant engineer put in for the landowner. Id. Under the authority of Craig, summary judgment must be denied on the negligence claim.
E.Contract
There is an absence of evidence from which a fair-minded jury could conclude that Nestlenook had a contract with Atlantic. Atlantic was selected by the town to perform engineering services for the town. It is true that Nestlenook reimbursed the town for Atlantic’s engineering services. If Nestlenook wanted to proceed with the subdivision application, it had no choice. Nestlenook was required to pay this reimbursement to the town by the Planning Board’s procedures.
Nestlenook did not pay Atlantic for services provided to Nestlenook. Nestlenook instead was required to pay to the town the town’s costs for having Atlantic perform engineering services for the town. The services Atlantic provided for the town were to determine for the town whether Nestlenook’s plans satisfied the town’s subdivision regulations and to make comments on what type of modifications would be required for compliance. Atlantic was hired to protect the town, not Nestlenook. Atlantic’s only contract in this case was with the town. Atlantic is entitled to summary judgment on the contract claim.
F.Implied Warranties of Merchantability and Fitness for a Particular Purpose
If the defendant had been a supplier of a product or other “goods” to the plaintiff, there would be an implied warranty of merchantability and fitness for a particular purpose, provided that the plaintiff was a person whom the defendant might reasonably have expected to use the goods. G.L.c. 106, §§2-314, 2-315, 2-318. Lack of privity between the user of the goods and the supplier would not be a defense to a breach of warranty claim in such circumstances. G.L.c. 106, §2-318.
In this case Atlantic supplied no “goods” to Nestlenook. G.L.c. 106, §2-105 (definition of “goods”); Garcia v. Kusan, Inc., 39 Mass.App.Ct. 322, 327 (1995) (“Even assuming in the plaintiffs favor that the [floor hockey] game — the concept and instructions — was the ’product’ which was sold . . ., there is no legal support for imposing liability on such a ’product’ where the seller does not provide a tangible item as well as instructions”). Because there was no contract with Nestlenook and no supplying of goods by Atlantic to Nestlenook, there was no implied warranty of merchantability or fitness for a particular purpose. Atlantic is entitled to summary judgment on these implied warranty claims.
G.Chapter 93A and Trade or Commerce
On the Chapter 93A claim, Atlantic is entitled to summary judgment for two reasons. The summary judgment evidence demonstrates that Atlantic’s connection with Nestlenook in this case was strictly in the context of Atlantic providing engineering services to the town. Nestlenook alleges that it relied on Atlantic’s recommended changes to the drainage plans, but that reliance was only in the context of Nestlenook’s application to the town Planning Board for subdivision approval. Atlantic’s dealings with Nestlenook were solely as an agent for the town Planning Board in the course of the Planning Board performing its statutory duties under the Subdivision Control Law, G.L.c. 41, §§81K — 81GG.
Atlantic’s performance of engineering services for the town Planning Board involved no business context relationship between Atlantic and Nestlenook. Under the Chapter 93A case law involving governmental defendants, Atlantic was therefore not engaged in trade or commerce with Nestlenook when it reviewed Nestlenook’s plans for the Planning Board in fulfillment of the Planning Board’s statutory duties. Boston Housing Authority v. Howard, 427 Mass. 537 (1998); Lafayette Place Associates v. Boston Redevelopment Authority, 427 Mass. 509, 534 (1998); Peabody N.E., Inc. v. Marshfield, 426 Mass. 436, 439-40 (1998); Poznik v. Medical Professional Insurance Association, 417 Mass. 48, 52 (1994); All Seasons Services, Inc. v. Commissioner of Health and Hospitals of Boston, 416 Mass. 269, 271 (1993); Morton v. Hanover, 43 Mass.App.Ct. 197, 206 (1997); Bretton v. State Lottery Commission, 41 Mass.App.Ct. 736 (1996).
The second reason why Atlantic has no Chapter 93A liability is that there is an absence of evidence in the summary judgment materials that Atlantic engaged in any unfair or deceptive conduct, even assuming that there was negligence by Atlantic in reviewing and commenting on Nestlenook’s plans.
H.Order
Summary judgment will enter for the defendant dismissing all claims in the plaintiffs complaint except Count I alleging negligence.