Fremont-Smith, Thayer, J.
As to Count IX (breach of contract by Maloy) there was no contract between the plaintiffs and Maloy. Although the contract between the designer of the townhouse (Morgan) and Maloy (a professional engineer) was intended to provide plans to permit a building permit to be obtained by plaintiffs, and plaintiffs did pay money to Morgan expressly to hire Maloy for that purpose, the Court does not consider these factors to be sufficient for a jury to find that plaintiffs (rather than Morgan) were intended beneficiaries of the contract, rather than merely “incidental” beneficiaries. Here, any such intent as to the plaintiff is not “clear and definite.” Rynes Heating Oil Inc. v. Springfield Terminal Railway, Inc., 265 F.Sup. 147 (2003).
As to Count X (negligence by Maloy) it may have been foreseeable that any faulty plans by Maloy would injure the plaintiffs’ property value, which would constitute more than mere “economic injury,” see Craig v. Everett M. Brook Co., 351 Mass. 497 (1967). But, in spite of plaintiffs’ counsel’s representation that he would fax to the Court on the following day an affidavit of an expert witness that such injury to plaintiffs’ property had occurred, such affidavit was not forthcoming. Nor are the deposition pages from Brennan’s deposition regarding injury to plaintiffs’ property, which were cited in plaintiffs’ opposition, actually contained in the summary judgment record. Moreover, Thomas Brennan’s answers to interrogatories and deposition testimony also indicate that the only damages claimed are consequented damages (carrying costs resulting from a delay of completion of the building) caused by the faulty plans, rather than any diminution in the value of the building itself.
ORDER
Accordingly, after hearing, defendant Maloy’s motion for summary judgment is ALLOWED as to both Count IX (breach of contract) and Count X (negligence).