Murphy, J.
The plaintiffs Kirt L. Josefek and Richard D. Crawford (the “plaintiffs”) filed this action against the defendant Loitherstein Environmental Engineering (“LEEI”) for negligent misrepresentation contained in a Response Action Outcome Statement (“RAO statement”) filed by LEEI pertaining to commercial property located at 530 Union Avenue, Framing-ham, Massachusetts. Presently before the court is LEEI’s Motion to Dismiss Plaintiffs’ Complaint for Failure to State a Claim. For the reasons stated below, LEEI’s Motion to Dismiss is DENIED.

BACKGROUND

LEEI, an environmental engineering corporation, partially consists of License Site Professionals (“LSPs”). These LSPs from LEEI were hired by Allen Glick (“Glick”) the owner of the subject property, and their work concerning the RAO statement was done in furtherance of the Massachusetts Contingency Plan (“MCP”). The MCP is a comprehensive body of regulations issued by the Department of Environmental Protection (“DEP”) to govern environmental remediation efforts within the Commonwealth to protect the health, safety, public welfare and the environment. LSPs file RAO statements with the DEP who use them to alert the public of the status of the environmental issues after they conduct studies on the subject property. LEEI filed the RAO statement at issue with the DEP on April 2, 1999. This RAO statement transmittal form (BWSC-194) erroneously specified a release tracking number (“Tracking Number”) 3-0000318 (530-532 Union Avenue) as a related Tracking Number addressed by the form. The RAO statement filing with this Tracking Number indicates to the public that Tracking Number 3-0000318 is “closed,” and the public could consider the subject property will achieve MCP compliance.
*664 The plaintiffs entered a purchase and sale agreement with Glick to purchase the commercial property located at 530 Union Avenue, Framingham. The plaintiffs entered the agreement with the understanding that the property was contaminated. However, relying upon Glick’s assurances that the river was washing out the contamination and the RAO statement, the plaintiffs believed the contamination was being addressed.
One of the provisions of the purchase and sale agreement dictated the circumstances under which the plaintiffs’ deposit would be forfeited. The provisions also included specified dates upon which certain deadlines were to be met, including but not limited to, a closing date. After the plaintiffs entered into the purchase and sale agreement, the bank providing the financing for the purchase of the subject properly wanted a valuation to be completed by the bank’s environmental firm. The bank’s request induced the plaintiffs to review the filing submitted by LEEI on, or about, August 28, 2000. This environmental review led the plaintiffs to discover the error contained in the RAO statement transmittal form indicating the Tracking Number was “closed” for the subject property. As a result of this discoveiy, the bank required additional expert testing on the property before providing financing. This testing required considerable time and thus, the closing date specified in the agreement was not met. Glick found this delay unacceptable, refused to continue with the purchase and sale, and retained the plaintiffs’ deposit in accordance with the terms of the purchase and sale agreement.
On May 15, 2003, the plaintiffs filed this cause of action against LEEI for negligence seeking damages in the amount of $35,000 for the forfeited deposit and $6,499 for incurred costs. The plaintiffs subsequently amended the complaint to include a count for negligent misrepresentation. LEEI filed a Motion to Dismiss claiming the complaint, even as amended, failed to state a claim upon which relief can be granted.

DISCUSSION

A motion to dismiss under Mass.R.Civ.P 12(b)(6) tests the legal sufficiency of the complaint. The complaint should not be dismissed unless it appears clear, beyond a doubt, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977). The court must accept as true the well-pleaded factual allegations of the complaint, as well as any inference that can be drawn therefrom in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1991). In evaluating the plaintiff s complaint, “the court is not to consider the unlikelihood of the plaintiffs ability to produce evidence to support otherwise legally sufficient complaint allegations, . . . however improbably appear the facts alleged, . . . and notwithstanding expressions of denial and incredulousness as to ultimate proof by the defendants.” Brum v. Dartmouth, 44 Mass.App.Ct. 318, 322 (1998) (citations omitted), rev’d on other grounds, 428 Mass.App.Ct. 684 (1999).
LEEI first contends the plaintiffs’ complaint fails to state a claim because purely pecuniary damages are not recoverable under tort liability absent personal injury or property damage. As a result, LEEI argues since the plaintiffs are only seeking pecuniary damages under a negligent misrepresentation theory, their claim is barred by the economic loss doctrine. Further, absent privity, LSPs, in their professional capacity, are immune from liability for negligent misrepresentation because they were not hired for the purpose of and did not supply information for the benefit or use of third parties. Finally, LEEI argues that the plaintiffs’ complaint should be dismissed because they cannot prove the elements required for a negligent misrepresentation claim. Specifically, LEEI contends the plaintiffs cannot prove LEEI filed the erroneous RAO statement with the intent to influence the plaintiffs’ action, or prove LEEI’s error caused the plaintiffs’ damages because the plaintiffs were contributorily negligent.

Economic Loss Doctrine

LEEI contends that the plaintiffs’ negligent misrepresentation claim is barred because Massachusetts adheres to the economic loss rule which provides that plaintiffs may not recover for purely economic losses due to defendant’s negligent interference with a contract or economic opportunity. Garweth Corp. v. Boston Edison Co., 415 Mass. 303, 306 (1993). While it is true that Massachusetts applies the economic loss doctrine and prohibits purely pecuniary recovery in tort absent personal or property damage, the Commonwealth has adopted an exception that permits recovery for pecuniary losses resulting from negligent misrepresentation. Craig v. Everett M. Brooks Co., 351 Mass. 497, 499-501 (1967); Nota Construction Corp. v. Keyes Associates, 45 Mass.App.Ct. 15, 19-21 (1998). As the plaintiffs’ amended complaint is for negligent misrepresentation, the economic loss doctrine does not bar their legal claim for pecuniary losses.

LSPs Are Not Immune from Negligent Misrepresentation Liability

Massachusetts recognizes the doctrine of negligent misrepresentation. See Golber v. BayBank Valley Trust Co., 46 Mass.App.Ct. 256, 257 (1999); See also Restatement (Second) of Torts, §552 (1977). In such cases, the plaintiff must prove that the defendant, in the course of his business, supplies false information for the guidance of others in their business transactions, causing and resulting in pecuniary loss by their justifiable reliance upon the information, and with failure to exercise reasonable care or competence in obtaining or communicating the information. Golber, 46 Mass.App.Ct. at 257.
Whether a claim for negligent misrepresentation exists is ordinarily one for a jury to decide, unless the undisputed facts are so clear as to permit only one conclusion. Fox v. F&J Gattozzi Corp., 41 *665 Mass.App.Ct. 581, 587-88 (1996); Nota Construction, 45 Mass.App.Ct. at 19-21. LEEI contends the plaintiffs’ complaint should be dismissed because LSPs, in their capacity as professionals, are immune from negligent misrepresentation liability.
Although there is no legal authority addressing negligent misrepresentation liability specifically for LSPs, the Appeals Court in Nota Construction rejected the argument claiming design professionals cannot be held liable to third parties for negligent misrepresentation because they are not in the business of supplying specific information to others to induce action. 45 Mass.App.Ct. at 20-21. “We see no reason why design professionals, such as an architect, should be exempt from liability for negligent misrepresentation to one where there is no privity of contract.” Nota Construction, 45 Mass.App.Ct. at 21. In the same view, as a matter of law, LSPs are not immune from liability for negligent representation. Although contracted by property owners in furtherance of MCP compliance rather than for the purpose of providing information to induce third parties into action, LSPs publicly file their studies with the DEP who publish them online for public access. Although liability will be determined on fact specific bases, there is no legal justification to hold LSPs immune from liability to third parties for negligent misrepresentation as a matter of law. Therefore, LEEI’s argument fails.

Plaintiffs’ Complaint Is Legally Sufficient

Finally, the court will not consider the unlikelihood of the plaintiffs’ ability to prove the elements of an otherwise legally sufficient allegation of negligent misrepresentation. See Brum, 44 Mass.App.Ct. at 322. So long as the complaint contains sufficient facts, however improbable, to support a legal claim it will not be dismissed unless it appears clear, beyond a doubt, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Nader, 372 Mass. at 98. The court must accept as true the factual allegations of the plaintiffs’ complaint and any inferences that can be drawn therefrom in plaintiffs’ favor notwithstanding “incredulousness as to ultimate proof by the defendants.” See Fairneny, 422 Mass. at 470; Brum, 44 Mass.App.Ct. at 322. The factual allegations contained in the plaintiffs’ complaint are sufficient to support a legal claim of negligent misrepresentation. Therefore, LEEI’s Motion to Dismiss is denied.

ORDER

For the foregoing reasons, it is hereby ORDERED that LEEI’s Motion to Dismiss for failure to state a claim be DENIED.