Billings, Thomas P., J.
For the reasons that follow, defendant Monaco Coach Corp.’s (“Monaco’s”) Motion for Reconsideration of my September 18, 2006 [21 Mass. L. Rptr. 441], to the extent it denied Monaco’s Motion to Dismiss as to Counts II, III (twice), V, VI, VII, and VIII is ALLOWED IN PART. A revised interlocutory judgment shall enter, dismissing the following Counts:[1]
I. Breach of Contract;
II. Breach of Express Warranty;
III. Breach of Implied Warranty of Merchantability;
III (sic). Breach of Warranty of Fitness for a Particular Purpose;
IV. Breach of the Implied Covenant of Good Faith and Fair Dealing;
VII. Rescission (to the extent premised on breach of warranty); and
VIII. Magnuson-Moss Act.
The motion is DENIED as to Counts V (misrepresentation) and VII (Chapter 93A).
A. State-Law Contract and Warranty Claims (Counts I, II, III (twice), TV, and VII)
The contract of sale contains the following provision:
LEGAL REMEDIES; ANY ACTION TO ENFORCE THIS EXPRESS OR ANY IMPLIED WARRANTY SHALL NOT BE COMMENCED MORE THAN ONE *146 (1) YEAR AFTER THE EXPIRATION OF THIS WARRANTY. Some states do not allow the reduction of the statute of limitations, so the above reduction may not apply to you.
Upon reconsideration, I agree with Monaco that in the original decision, I misread sections 2-316 and 2-316A of the Massachusetts version of the Uniform Commercial Code. Section 2-316A (“Limitation on Exclusion or Modification of Warranties” in consumer sales) expressly references section 2-316. The latter section does not reference section 2-725 (“Statute of Limitations in Contracts”), however, as my original decision erroneously stated. Nor does section 2-316A(3) — which restricts a manufacturer’s ability “to limit or modify a consumer’s remedies for breach of such manufacturer’s express warranties” — explicitly mention the time allowed to bring suit.
The time within which suit must be brought is addressed specifically in section 2-725, which provides in subsection (1):
An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. (Emphasis supplied.)
Section 2-725 applies to contract-based warranty claims such as are asserted here (see Bay State-Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co., 404 Mass. 103, 107-11 (1989)), and it draws no distinction between consumer and commercial sales. Under basic principles of statutoiy construction, moreover, section 2-725(l)’s specific provision concerning contractual modifications of the limitations period, controls over section 2-316(3)’s more general treatment of contractual limitations on remedies. See Planning Bd. of Hingham v. Hingham Campus, LLC, 438 Mass. 364, 367 (2003), and cases cited.
The Complaint alleges that the plaintiff began experiencing “serious problems” with her RV “[immediately after” her purchase of it on March 3, 2003. Suit was not filed, however, until Februaiy 21, 2006. This means that the state-law warranty-based claims are time-barred, and will be dismissed. These include Counts II, III, and IV, but also Counts I and V, inasmuch as the warranty claims form the sole basis for the contract and bad faith claims. Additionally, because rescission is merely a form of relief granted upon proof of certain substantive claims, Count VII is also dismissed to the extent based on warranty (but not misrepresentation of Chapter 93A) theories.
B. Magnuson-Moss Act (Count VIII)
Count VIII, alleging violations of the Magnuson-Moss Act, is also time-barred.
The plaintiffs citation to 50 U.S.C. §2304(a)(2) misses the mark. That section, part of the Magnuson-Moss Act, prohibits warrantors from limiting “the duration of any implied warranty on the product.”
The duration of the warranty, and the time allowed for bringing an action once it has accrued, are two different matters. If for example, the manufacturer expressly manufactured the product for three years and limited the time for suit to one year, the plaintiff would be required to bring suit on the express warranty within a year after the product failed. This could be more than a year, and it could be less than three years, after the sale (but it could never be longer than four years after the sale). All that section 2304(a)(2) means is that the duration of the implied warranties of merchantability and fitness do not expire with the passage of time. It does not purport to address how long after a product failure the plaintiff has to bring suit, under either an express or an implied warranty theoiy.
The Magnuson-Moss Act, in fact, contains no statute of limitations, so under traditional principles the nearest applicable state statute of limitations is “borrowed.” This would be the statute of limitations under Article 2 of the U.C.C. Lowe v. Volkswagen of America, Inc., 879 F.Sup. 28 (E.D.Pa. 1995). No provision in Magnuson-Moss purports to override the manufacturer’s right, under section 2-725, to shorten the limitations period to as little as one year. Thus, the plaintiff was required to bring her Magnuson-Moss claim within one year after the failure of the product.
C. Misrepresentation (Count V)
Count V alleges that “the defendants’ representatives, on many occasions, either knowingly and intentionally made false representations to Galipeau or made negligent misrepresentations to Galipeau, which Galipeau upon relied to her detriment.” The statute of limitations for these claims is three years, G.L.c. 260, §2A, so Count V is not time-barred.
Nor, Monaco’s somewhat surprising assertion to the contrary notwithstanding, does the economic loss rule apply to a misrepresentation claim. The economic loss doctrine was developed in negligence cases. Garweth Corp. v. Boston Edison Co., 415 Mass. 303, 305 (1993). It has been applied to tort-based, but not contract-based, warranty cases. Bay State-Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co., 404 Mass. 103, 107 (1989). It has never been applied to misrepresentation cases, even where only negligent misrepresentation is alleged. “An exception to the doctrine permits recovery for economic losses resulting from negligent misrepresentation.” Nota Constr. Corp. v. Keyes Assocs., Inc., 45 Mass.App.Ct. 15, 20 (1998). In fact, pecuniary loss is an element of a claim for negligent misrepresentation, whether intentional or negligent, id., and cases involving intentional fraud have likewise shown an “historic focus ... on economic interests.” Conley v. Romeri, 60 Mass.App.Ct. 799, 802 n.3 (2004).
*147 Monaco has not sought dismissal of Count V under Mass.R.Civ. 9(b), and so I do not reach the question of whether the Complaint pleads fraud with sufficient particularity. Nor is a motion under Rule 12(b)(6) a proper occasion for skepticism concerning whether agents of the manufacturer, as opposed to the code-fendant seller, made fraudulent statements to the plaintiff. The motion to dismiss is therefore denied as to Count V.
D. Chapter 93A (Count VI)
Monaco argues that the Complaint falls to state a claim under Chapter 93A, because “each of the underlying [warranty] Counts is subject to dismissal and there is [sic] no independent facts to support” the Chapter 93A claim, adding that “not every breach of contract gives rise to a claim under c. 93A.”
Beginning with the Attorney General’s adoption in the 1970s of 940 C.M.R.3.08(2), and continuing with a long line of appellate decisions,[2] it has been “the settled rule[ ]... that a breach of warranty constitutes an unfair or deceptive practice in violation of G.L.c. 93A.” American Shooting Sports Council, Inc. v. Attorney General, 429 Mass. 871, 878 (1999). It is also settled, at least at the Appeals Court level, that the fact that a claim for breach of warranty is time-barred does not mean that the Chapter 93A claim is likewise time-barred. Fine v. Huygens, DiMella, Shaffer & Assocs., 57 Mass.App.Ct. 397 (2003). The Complaint having been brought within four years of both the sale and the alleged product failure, see G.L.c. 260, §5A, the motion to dismiss is denied as to Count VII.
ORDER
For the foregoing reasons, the defendant Monaco Coach Corp.’s (“Monaco’s") Motion for Reconsideration of my September 18, 2006, to the extent it denied Monaco’s Motion to Dismiss as to Counts II, III (twice), V, VI, VIL and VIII, is ALLOWED IN PART and DENIED IN PART. A revised interlocutoiy judgment shall enter, dismissing the following Counts:
I. Breach of Contract;
II. Breach of Express Warranty;
III. Breach of Implied Warranty of Merchantability;
III (sic). Breach of Warranty of Fitness for a Particular Purpose;
IV. Breach of the Implied Covenant of Good Faith
and Fair Dealing;
VII. Rescission (to the extent premised on breach of
warranty); and
VIII. Magnuson-Moss Act.
The motion is DENIED as to Counts V (misrepresentation) and VI (Chapter 93A).

The plaintiffs assertion of two counts numbered “III” has somewhat confused the discussion. There are actually nine counts. Monaco’s motion papers re-number them so as to be properly sequential. I have here, as before, followed the numbering employed in the Complaint.

See, e.g., Maillet v. ATF-Davidson Co., 407 Mass. 185, 193 (1990); Canal Elec. Co. v. Westinghouse Elec. Corp., 406 Mass. 369, 378-79 (1990); Calimlim v. Foreign Car Center, Inc., 392 Mass. 228, 235 (1984); Burnham v. Mark IV Homes, Inc., 387 Mass. 575, 577 (1982); Hannon v. Original Gunite Aquatech Pools, Inc., 385 Mass. 813, 821 (1982); Linthicum v. Archambault, 379 Mass. 381, 387 (1979); and Slaney v. Westwood Auto, Inc., 366 Mass. 688, 702, 322 N.E.2d 768 (1975); to name but a few.