Fremont-Smith, Thayer, J.
In this action, the plaintiff, LBM Financial, LLC (“LBM”) financed the defendant, Individual Lot, LLC (“Individual Lot’j’s purchase of a construction project in Grafton, Massachusetts from the third-party defendant, Ferry Ridge (“Ferry Ridge”), and provided Individual Lot with a construction loan which was guaranteed by defendant Calarese (“Calarese”) and was secured by a mortgage on real estate of the other defendants. After construction commenced, the company which had been retained to build the development, LRC Development Services (“LRC”), experienced drainage problems on the site, which delayed and significantly increased the cost of the development, resulting in a default on LBM’s loan.
Defendants then filed a third-party complaint against Graz Engineering, which had drafted the original drainage plan and against Graves Engineering, Inc. (“Graves”) which had been retained by the Grafton Zoning Board (“the ZBA”) to review the Graz plan. *493 Based on Graves’s endorsement of Graz’s drainage plan, the ZBA had approved the construction permit and the loan was made.
Graves now moves for summary judgment as to the third-party complaint’s counts against it (Counts XIII, XTV and XV) because it had no privity of contract with the third-party plaintiffs and because the third-party plaintiffs are seeking damages which Graves contends are barred by the economic loss doctrine.
Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively showing that there is no triable issue of fact. See Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. See Kourouvacilis, 410 Mass. at 716. Once the moving party “establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” See Pederson, 404 Mass. at 17. The court reviews the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. See Attorney General v. Bailey, 386 Mass. at 370-71 (1982).
Count XIII — Negligence
The economic loss doctrine bars recovery of solely economic losses in tort unless a plaintiff can establish that the injuries suffered due to the defendant’s negligence involved physical harm or property damage. Cumis Ins. Society, Inc. v. B.J. Wholesale Club, Inc., 455 Mass. 458, 469 (2009).
All of the damages alleged by the third-party plaintiffs fall within the parameters of the economic loss doctrine[1] so that Count XII will be dismissed except insofar as it alleges negligent misrepresentation. Not a Const. Corp. v. Keyes Assoc., 45 Mass.App.Ct. 15, 20 (1998). In order to recover for negligent misrepresentation, “plaintiff must prove that the defendant (1) in the course of his business, (2) supplie[d] false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to these others (5) by their justifiable reliance upon the information, and (6) with failure to exercise reasonable care or competence in obtaining or communicating the information.” O’Connor v. Merrimack Mut. Fire Ins. Co., 73 Mass.App.Ct. 205, 213 (2008), quoting Nota, 45 Mass.App.Ct. at 19-20. Privity is not a requirement of negligent misrepresentation. Nota, 45 Mass.App.Ct. at 21.
Here, it is undisputed that Graves reviewed the original Graz drainage plan for the Planning Board, and that the Planning Board approved the project after receiving Graves’s review and endorsement of the defective Graz plan. These facts are sufficient to raise an issue of fact as to whether there was negligent misrepresentation. See Nota, supra, 45 Mass.App.Ct. at 21 (subcontractor’s complaint alleging that the architect negligently misrepresented plans and specifications in a construction project should have survived summary judgment); Grafton Partners, LLC v. Barry & Foley Motor Transp., Inc., 2007 WL 1418529 at *3 (Mass.Super. April 9, 2007) [22 Mass. L. Rptr. 442] (purchaser of property's complaint which alleged that a survey firm was negligent when it omitted an occupier of land from the survey report, should survive summary judgment).
That the third-party-plaintiffs’ complaint Count XII is titled “negligence” rather than “negligent misrepresentation,” is not determinative. The “nature and character of a pleading is determined by its substance and not by the title, name or description attached to it.” 9 Mass. Practice Series §9.7 (2009). See Grafton, 2007 WL 1418529, at *3 (as negligent misrepresentation is not a claim that must be pled with specificity, the defendant is not prejudiced by a failure to properly name the count in the complaint, where all the allegations necessary to sustain the claim of negligent misrepresentation appear in the complaint).
Graves argues that the third-party plaintiffs could not as a matter of law have reasonably relied on Graves’s work which it had done for the Planning Board, in view of the disclaimer and integration clause contained in the purchase and sale agreement between Individual Lot and Ferry Ridge. However, Graves was not a party to the purchase and sale agreement or a third-party beneficiary of the agreement. Therefore, Graves cannot enforce the purchase and sale contractual provisions. See Central Ceilings, Inc. v. National Amusements, Inc., 70 Mass.App.Ct. 172, 182 n.13 (2007) (owner could not enforce compliance schedule between subcontractor and general contractor because he was not a third-party beneficiary).
As there is a dispute of material facts as to whether negligent misrepresentation occurred and, if so, whether the third-party plaintiffs reasonably relied thereon, the motion will be denied insofar as Count XII alleges negligent misrepresentation but will be otherwise allowed.
Count XTV — M.G.L.c. 93A
Unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. G.L.c. 93A, §2(a) (2009). Conduct that is deceptive is not defined by statute, and is given its meaning by the common law. Aspinall v. Philip Morris Companies, Inc., 442 *494 Mass. 381, 394 (2004). “[A] negligent misrepresentation may be so extreme and egregious as to constitute a violation of G.L.c. 93A, [but] a negligent act standing by itself does not give rise to a claim under c. 93A.” O’Connor v. Merrimack Mut. Fire Ins. Co., 73 Mass.App.Ct. 205, 216 (2008); see also Glickman v. Brown, 21 Mass.App.Ct. 229, 235 (1985) (upholding 93A liability based on negligent misrepresentation where the defendant “made no effort to determine the truth”).[2]
In this case, a jury could not find Graves liable under Chapter 93A. The 93A claim is premised upon Graves’s negligently reviewing the Graz plan and submitting its favorable review to the Planning Board — an alleged act of negligent misrepresentation. There are no facts upon which a jury could find that its conduct was “extreme and outrageous.” Even if the third-party plaintiffs could be found to have justifiably relied, four years later, on Graves’s representations to the Planning Board, there is no evidence upon which a jury could reasonably find that Graves’s negligence was “extreme and egregious.” See Aquino v. Pacesetter Adjustment Co., 416 F.Sup.2d 181, 192 (D.Mass. 2005) (negligent misrepresentation is not ordinarily actionable under c. 93A unless a defendant’s conduct is extreme or egregious). Therefore, the third-party plaintiffs’ 93A claim will be dismissed.
Count XV — Breach of Express Warranty
A claim of breach of an express warranty by a design professional requires proof that the design professional promised a specific result which was not achieved . Anthony’s Pier Four, Inc. v. Crandall Dry Dock Engineers, Inc., 396 Mass. 818, 823 (1986). Here, not only is evidence of such a specific promise lacking but “a commercial plaintiff cannot recover against a defendant for breach of warranty in the absence of privity.” Grafton Partners, LLC v. Barry & Foley Motor Transp, Inc., 2007 WL 1418529, at *2 (internal citation omitted).
It is undisputed that Graves was not in privity with any of the third-party plaintiffs but, as a consultant to the Grafton Planning Board, worked exclusively for the Planning Board, and had no contract with any of the third-party plaintiffs. Therefore, the third-party plaintiffs’ breach of express warranty claim is not actionable as a matter of law, so that Count XV will be dismissed.
ORDER
For the foregoing reasons and the additional reasons and cases cited in Graves’s memorandum in support, it is hereby ORDERED that Graves’s motion for summary judgment is ALLOWED as to Counts XIV and Count XV of the third-party complaint, and is ALLOWED as to Count XIII except insofar as count XIII alleges negligent misrepresentation, as to which the motion is DENIED.

Third-party plaintiffs claim that, as a result of Graves’s negligent review of the plans, the project was delayed and ultimately stopped resulting in increased costs and loss of the profitability and viability of the project.

Although the courts have struggled to articulate the specific conduct actionable under a claim of 93A liability based on negligent misrepresentation, the courts are uniform that mere negligent misrepresentation, without more, is insufficient for 93A liability in a business context. See Glickman, 21 Mass.App.Ct. at 234 (“a negligent act, standing by itself, does not amount to a violation of §2 . . Brewster Wallcovering Co. v. Blue Mountain Wallcoverings, Inc., 68 Mass.App.Ct. 582, 605 (2007) (mere negligence is insufficient for 93A liability in a business context); Grossman v. Pouy, 2008 WL 917000 at *7 [23 Mass. L. Rptr. 623] (Mass.Super. April 4, 2000) (liability under 93A is generally premised on a willful misstatement of fact); Quinlan v. Clasby, 71 Mass.App.Ct. 97, 102 (2008) (liability under 93A is premised on a willful misstatement of fact).