Swan, J.
This action brought by Frederic S. Dennen (“Dennen”) against TD Bank, Gloucester (‘TD Bank”), alleging negligence, negligent misrepresentation, intentional or negligent interference with contractual business relations, and violations of G.L.c. 93A, terminated in the entry of summary judgment for TD Bank. Dennen has appealed. We review a grant of summary judgment to determine “whether, viewing the evidence in the light most favorable to the nonmoving party [Dennen], all material facts have been established and the moving party [TD Bank] is entitled to judgment as a matter of law.” District Attorney for the N. Dist. v. School Comm. of Wayland, 455 Mass. 561, 566 (2009), quoting Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). TD Bank’s motion for summary judgment was supported by pleadings and excerpts from depositions.
In May, 2010, Dennen was employed on a seasonal basis by the City of Gloucester at the Wingaersheek Beach parking lot. His job included overseeing parking lot attendants and collecting and depositing atTD Bank the moneys collected for parking fees. Each morning, a bag for the storing of money was brought by one of his supervisors. The unlocked bag was kept in an unlocked filing cabinet. At the end of each day, Dennen would count the cash, prepare a deposit slip, and drop the bag with cash and deposit slip in the night depository atTD Bank.[1] In the middle of busy days, a supervisor would pick up some of the cash. When that occurred, Dennen would add to the deposit slip the amount orally quoted by that supervisor, without independent verification. City policy required the supervisor to count the midday pickup, initial the deposit slip, and count the cash before delivering it to TD Bank. The city’s chief financial officer admitted that the policy was neither written nor followed, and that he was not informed whether the money was counted before deposit. TD Bank’s tellers experienced that the deposit slips were often “off’ or missing, and that the money was “thrown together with a band around them.” This was not a new occurrence. Another teller stated that four years before the money was “just thrown in there, crunched in there along with sand and everything else.... [N] o slips, always, always, always wrong.”
On June 30, 2010, Dennen’s supervisors met about missing beach funds totaling *16 $1,750.00, and noted that “Dennen’s signature is on the reconciliation sheet”[2] Dennen was summoned to a meeting on July 2, 2010 with the city’s personnel director, Dennen’s supervisors, a police detective, and the chief financial officer. Dennen said he could not explain the cash shortages from the deposit bags over the past few weeks. He added that he had signed the reconciliation sheets accompanying the bags, and that it was his responsibility to count the cash, and lock and be responsible for the cash bags. The personnel director determined that Dennen had not fulfilled his duty and terminated him. The city did not inform TD Bank of the cash shortages.[3]
Dennen, citing no authority, asserts at the outset that an earlier denial of TD Bank’s motion for judgment on the pleadings “collaterally estopped” TD Bank from bringing a motion for summary judgment. The two remedies, however, were pursued in the same proceeding and, in any event, are entirely different. A motion for judgment on the pleadings is decided on the complaint and answer. A motion for summary judgment relies on affidavits and other materials beyond the initial pleadings. The rules of procedure make that very distinction: “After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.” Mass. R. Civ. E, Rule 12(c). TD Bank was not precluded from bringing a motion for summary judgment.
As to the merits of the motion, we first address the claim of negligence against TD Bank. Aside from the fact thatTD Bank owed Dennen no duty of care either as a customer, which Dennen was not, see generally G.L.c. 106, §§4-101 et seq., or under the kind of “special relationship” envisioned in Irwin v. Town of Ware, 392 Mass. 745, 756 (1985) (e.g., the obligation of municipal police to protect the public from drunk drivers or of liquor establishments to serve their spirits responsibly), there is simply no evidence of any negligence by the bank. Indeed, based on the foregoing facts, any negligence resulting in a cash shortfall seems to lie with the city and its employees, including not following unwritten policies, putting money and sand in unlocked bags in unlocked drawers, and allowing other employees to remove cash and orally state how much they were taking to the bank.
Similarly, the claim of intentional interference with an advantageous relationship must fail.[4] The elements “that a plaintiff must prove are ‘(1) a business relationship *17 or contemplated contract of economic benefit; (2) the defendant’s knowledge of such relationship; (3) the defendant’s intentional and malicious interference with it; (4) the plaintiff’s loss of advantage directly resulting from the defendant’s conduct.’ J.R. NOLAN, TORT LAW §72, at 87 (1979).” Comey v. Hill, 387 Mass. 11, 19 (1982). The record is devoid of any evidence thatTD Bank even knew of Dennen’s existence, let alone of his employment with the city, or that the bank in any way intentionally or maliciously interfered with that employment.
Finally, “[i]n order to recover for negligent misrepresentation, a plaintiff must prove that the defendant (1) in the course of his business, (2) supplies false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance upon the information, and (6) with failure to exercise reasonable care or competence in obtaining or communicating the information. Fox v. F & J Gattozzi Corp., 41 Mass. App. Ct. 581, 587-588 (1996). See RESTATEMENT (SECOND) OF TORTS §552 (1977). A claim for negligent misrepresentation is ordinarily one for a jury, unless the undisputed facts are so clear as to permit only one conclusion. Fox v. F & J Gattozzi Corp., 41 Mass. App. Ct. at 588.” Nota Constr. Corp. v. Keyes Assocs., Inc., 45 Mass. App. Ct. 15, 19-20 (1998). In this case, the facts are “so clear.” Id. at 20. No evidence of false information from TD Bank is apparent. Again, any false information seems to have been derived from missing or poorly prepared deposit slips from the city’s own employees.[5]
TD Bank having shown no basis for liability,[6] the burden shifted to Dennen “by affidavits or as otherwise provided in this rule, [to] set forth specific facts showing that there is a genuine issue for trial.” Mass. R. Civ. E, Rule 56(e). Dennen presented nothing more than an unsworn memorandum in opposition to the motion for summary judgment. Summary judgment for TD Bank was properly entered.
Judgment affirmed.
So ordered.

 Dennen was not a customer of TD Bank, and knew none of its employees.

 The record at various points refers to deposit slips, tally sheets, reconciliation sheets, and summary sheets accompanying the cash in the bags. It appears that these are different terms for the same document.

 An unusual event occurred thereafter, having apparently little, if anything, to do with Dennen’s case. Five days after Dennen’s termination, the chief financial officer conducted a secret controlled deposit, and apparently determined that some funds were missing. The police investigated the matter, including viewing a bank surveillance video, but found no wrongdoing byTD Bank.

 Dennen’s complaint also alleged “negligent” interference with an advantageous relationship. There is no such tort. See RESTATEMENT (SECOND) OF TORTS §766C (1979).

 Dennen took no action against the city.

 The amended complaint also included a claim under G.L.c. 93A. At oral argument, Dennen’s counsel stated that the claim was not being pursued. Moreover, on these facts, where Dennen cannot prevail on the underlying tort claims, he cannot prevail on the G.L.c. 93A claim. See Townsends, Inc. v. Beaupre, 47 Mass. App. Ct. 747, 755 (1999).