Agnes, Peter W., J.
The Town of Clinton (Clinton) brought this action against Geologic Services Corp. (GSC) and Garrett Engineering, P.C. (Garrett) alleging negligence, breach of contract, fraud, and unfair or deceptive acts or practices in violation of Massachusetts General Laws chapter 93A. GSC counterclaimed against Clinton, cross claimed against Garrett, and filed third-party claims against Methuen Construction Co. (Methuen) and NewStress International, Inc (New-Stress). NewStress, in turn, counterclaimed against GSC and Garrett, and now moves for partial summary judgment. After a hearing and review of the record and the parties’ memoranda, for the reasons set forth below, NewStress’s motion is GRANTED as to Count III, but DENIED as to Count IV.

BACKGROUND

Between November of 1999 and April of 2001, Clinton entered into various contracts with GSC to design and construct a water filtration facility. GSC retained Garrett to design the project and hired Methuen as the general contractor. In November of 2001, Methuen hired NewStress as a subcontractor to fabricate prestressed concrete floor planks. GSC was not a party to this contract. Although NewStress fabricated the planks, GSC objected to their installation, claiming that they did not meet required specifications. Nonetheless, Methuen installed the planks over GSC’s objections. GSC then told Clinton that the installed planks were manufactured defectively and did not meet required specifications. The dispute resulted in delays lasting from February of2002 through April of 2003, at which time GSC terminated its contract with Clinton. The delays allegedly cost Clinton $1.2 million.

DISCUSSION

This court grants summary judgment only when there are no genuine issues of material fact and the record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the initial burden of establishing that there is no dispute of material fact on every relevant issue. See Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by negating an essential element of the non-movant’s claim or by demonstrating that the evidence is insufficient to esta'blish the claim. Kourouvacalis v. General Motors Corp., 410 Mass. 706, 716 (1991). The opposing party must then establish that a genuine issue for trial exists by setting forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions. Mass.RCiv.P. 56(e).

1) Count III: The Economic Loss Rule bars GSC's recovery on Count III because delay does not constitute personal or physical harm

Count III is a claim for contribution based on NewStress’s alleged breach of duty to GSC, a duty based on NewStress’s contract with Methuen. In Massachusetts, a tort claim may arise from a contractual obligation if failure to perform the obligation exposes others to danger. See Parent v. Stone & Webster Eng’g Corp., 408 Mass. 108, 114 (1990). Here, it is undisputed that NewStress owed a duty of care under its contract with Methuen that extended to GSC. However, the Economic Loss Rule bars GSC’s recovery under a tort theory because GSC’s claim is for purely economic loss.
The Economic Loss Rule states that a plaintiff asserting a tort claim cannot recover for purely economic losses in the absence of harm to the plaintiffs person or property. See Garweth Corp. v. Boston Edison Co., 415 Mass. 303, 305 (1993) (citing Robins Dry Dock & Repair v. Flint, 275 U.S. 303, 309 (1927); 2 DOBBS, REMEDIES §6.6(2), at 142 (2d ed. 1993)). Here, GSC maintains that NewStress caused a delay in construction, not harm to a person or property. Because of this delay, Clinton lost the $1.2 million for which it now seeks to recover from GSC and Garrett. Despite the substantial loss, a delay does not constitute personal or physical harm. Therefore, because GSC asserts purely economic damages which are not recoverable under the Economic Loss Rule, NewStress is entitled to summary judgment on Count III of GSC’s third-party complaint.[3]

2) Count TV: Neither the Economic Loss Rule nor Massachusetts General Laws chapter 149, section 29C forecloses GSC’s recovery on Count IV because this is a contract claim based on actions allegedly taken by NewStress.

Count IV of GSC’s third-party complaint seeks indemnification and is based on language in the *131 Methuen-NewStress subcontract. Article IV of the subcontract states:
To the extent permitted by law, the Subcontractor shall fully indemnify and hold harmless the General Contractor (and any of its agents or employees), Owner, and Engineer from any and all claims, liabilities, fines and penalties, liens, demands and causes of action for or on account of any... damage to property arising out of or in consequence of the performance of any work hereunder in accordance with- this provision.
NewStress cites Massachusetts General Laws chapter 149, section 29C for the proposition that indemnification clauses are against Massachusetts public policy. However, this statute only voids indemnification clauses which require a subcontractor to indemnify a party for injury or damages “not caused by the subcontractor or its employees ...” Mass. Gen. Laws ch. 149, §29C. Here, GSC has invoked the indemnification clause to recover for damages caused by NewStress itself not damages caused by some third party. Consequently,, section 29C does not affect GSC’s indemnification claim in this instance.
Similarly, the Economic Loss Rule that precluded GSC’s recovery in Count III does not apply to contract claims. See Garweth, 415 Mass. at 305 (stating that “the economic damage rule [limits] recovery for economic losses in tort-based, strict liability or negligence cases . . .”) (emphasis added). Because Count IV is based on the Methuen-NewStress subcontract, this rule is not on point and it is of no import that GSC’s damages are purely economic. Consequently, the Economic Loss Rule does not bar GSC’s recovery under Count IV.
Finally, the parties disagree as to whether the planks were defective. Thus, a disputed issue of material fact is present. For the foregoing reasons, Article IV of the subcontract is enforceable and summary judgment is not proper as to Count IV.

3) Rule 56(f) does not require the denial of summary judgment as to Count III because additional discovery from NewStress is unlikely to alter GSC’s knowledge of its own damages.

Rule 56(f) of the Massachusetts Rules of Civil Procedure allows the court to deny summary judgment or require a continuance to permit discovery to be had. Mass.R.Civ.P. 56(f). In the case at bar, NewStress has not provided all of the discovery requested by Garrett and discovery is scheduled to continue until April 29, 2005. However, GSC has based Count III on a tort theory and has only claimed delay damages. Only GSC would know if GSC suffered personal or physical damages and therefore avoid application of the Economic Loss Rule. Consequently, additional discovery from NewStress would not change the viability of GSC’s contribution claim under Count III. Therefore, Rule 56(f) does not require the denial of NewStress’s motion.

ORDER

For the foregoing reasons, NewStress’s motion for partial summary judgment is allowed as to Count III, but denied as to Count IV.

 The court is aware that GSC has filed a motion to amend its complaint to add a count alleging negligent misrepresentation which could have the effect of authorizing the recovery on purely economic damages. See Nota Construction Corp. v. Keyes, 45 Mass.App.Ct. 15 (1998). However, the motion to amend is not before the court. Further, the court declines to stay the proceedings pending action on the motion to amend.